IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

J.C. BERRY,                          )
                                     )
                Plaintiff,           )
                                     )
v.                                   )        Case No. CIV-20-631-D
                                     )
SCOTT CROW, *et al.*,                )
                                     )
                Defendants.          )

## O R D E R

This matter comes before the Court for review of the Report and Recommendation
[Doc. No. 9] issued by United States Magistrate Judge Suzanne Mitchell pursuant to
28 U.S.C. § 636(b)(1)(B) and (C).  Upon initial screening of the Complaint, Judge Mitchell
recommends a dismissal without prejudice of Plaintiff's official-capacity claims against all
Defendants.  Plaintiff has filed a timely objection [Doc. No. 13] within the extended time
period authorized by the Order of August 19, 2020.  The Court must make a *de novo*
determination of portions of the Report to which a specific objection is made, and may
accept, modify, or reject the recommended decision.  *See* 28 U.S.C. § 636(b)(1); Fed. R.
Civ. P. 72(b)(3).

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brings this action
under 42 U.S.C. § 1983 to recover damages for alleged violations of his constitutional
rights during his incarceration by the Oklahoma Department of Corrections (DOC).  He
also asserts claims under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101
*et seq*.  *See* R&R at 2.  Judge Mitchell finds that Defendants are thirteen individuals who

are officers or employees of DOC, that Plaintiff asserts claims for damages against them in their individual and official capacities, and that the official-capacity claims should be dismissed without prejudice based on Eleventh Amendment immunity.  *See* R&R at 5-6.

Liberally construing Plaintiff's Objection due to his *pro se* status, the Court finds that Plaintiff does not disagree with Judge Mitchell's findings and conclusions regarding his suit against Defendants in their official capacities, except he objects to any finding that Eleventh Amendment immunity bars his ADA claims.  *See* Pl.'s Obj. at 2.  Plaintiff quotes in part, without citation, a provision of Title II of the ADA that states:

> A State shall not be immune under the eleventh amendment to the Constitution of the United States from an action in Federal or State court of competent jurisdiction for a violation of this chapter.  In any action against a State for a violation of the requirements of this chapter, remedies (including remedies both at law and in equity) are available for such a violation to the same extent as such remedies are available for such a violation in an action against any public or private entity other than a State.

42 U.S.C. § 12202.  Further review of all other issues addressed by Judge Mitchell is waived.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).[1]

Upon *de novo* consideration of the issue raised by Plaintiff's Objection, the Court finds that Judge Mitchell does not address whether the Eleventh Amendment applies to Plaintiff's ADA claims; she addresses only his § 1983 action.  *See* R&R at 5.  A disability discrimination action against a public entity regarding access to public facilities and

---

[1] Plaintiff also alleges in his Objection that he is currently being denied access to the law library and legal resources at his place of confinement.  *See* Pl.'s Obj. at 2.  Because this allegation goes beyond the issues addressed by the R&R, the Court does not consider it.

programs falls under Title II of the ADA.  *See Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998) ("State prisons fall squarely within the statutory definition of 'public entity,'" as defined by 42 U.S.C. § 12131(1)(B), for purposes of a claim of discrimination under § 12132).  The Supreme Court held in *United States v. Georgia*, 546 U.S. 151, 159 (2006), that "Title II validly abrogates state sovereign immunity" with respect to conduct that violates constitutional rights.  The Court also established a three-part test for determining whether Title II validly abrogated states' immunity with respect to specific claims in individual cases; the test requires a detailed claim-specific analysis.  *See id*. at 159; *Havens v. Colo. Dep't of Corr.*, 897 F.3d 1250, 1256 (10th Cir. 2018); *see also Tennessee v. Lane*, 541 U.S. 509, 523-25, 529-31 (2004); *Guttman v. Khalsa*, 669 F.3d 1101, 1116-17 (10th Cir. 2012).  Because Judge Mitchell does not discuss this analysis, the Court finds that dismissal of Plaintiff's official-capacity suit under Title II of the ADA would be premature.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 9] is ADOPTED IN PART, as set forth herein.  Plaintiff's official-capacity action against Defendants under 42 U.S.C. § 1983 only is DISMISSED without prejudice as barred by the Eleventh Amendment.  This case remains under referral to Judge Mitchell for further proceedings.

IT IS SO ORDERED this 14th day of September, 2020.

TIMOTHY D. DeGIUSTI
Chief United States District Judge